**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA,

v.

RONALD VIGEANT,
Defendant,

**CRIMINAL ACTION NO. 11-MJ-6060-LTS**

**REPORT AND RECOMMENDATION ON BOP'S REQUEST FOR ORDER AUTHORIZING ANOTHER 120 DAYS TO FORCIBLY MEDICATE THE DEFENDANT TO RESTORE COMPETENCY**

**November 8, 2012**

**SOROKIN, C.M.J.**

The Court (Casper, J.), in response to the undersigned's Report and Recommendation (Docket #26), authorized the Bureau of Prisons to forcibly medicate the defendant, Ronald Vigeant. Electronic Order dated April 18, 2012. The study period concluded on September 3, 2012. In a report dated September 18, 2012, the BOP informed the Court that after the commencement of the forcible medication regime Vigeant: was able to transfer to an open mental health housing unit; began to make telephone calls to his mother and his son; was able to discuss his current experiences in a reality-based manner; and began to express fewer delusions as the therapeutic effects of the medication increased. Docket #31 at 8.[1] However, the BOP also informed the Court that Vigeant continued to show signs of delusions which impaired his

[1] Page references are to the ECF pagination of the document.

competency-related abilities, especially related to his pending case. Id. at 8-9 (noting, among other things, Vigeant's belief that his attorney and possibly the judge are receiving pay-offs from a CIA-funded settlement designed to compensate Vigeant for experiments conducted on him by the CIA). The BOP concludes that though Vigeant is not presently competent to stand trial, his "symptoms have improved significantly." Id. at 10.

Accordingly, the BOP requests that the Court authorize an additional study period. Specifically, the doctors "believe there is a substantial likelihood that with ongoing treatment his symptoms would continue to remit to such an extent his competency to proceed may be restored in the foreseeable future." Id. at 9. On November 8, 2012, the Court convened a status conference with both counsel. Both counsel agreed that Vigeant remains incompetent, that no evidentiary hearing was required (nor requested) in order to rule upon the BOP's request, and that the undersigned should proceed by way of a Report and Recommendation.

After due consideration of the letter filed by the BOP (as amended), the objection filed on behalf of Vigeant by his counsel, and the government's response, I hereby RECOMMEND that the Court find a substantial likelihood that ongoing treatment will restore Vigeant to competency and, thus, it should continue his commitment pursuant to 18 U.S.C. § 4241(d). The defendant asserts the additional study period should commence on September 4, 2012 (the day after the expiration of the prior period), while the government maintains it should commence on the date of the Court's order. I RECOMMEND that the Court authorize an additional 120-day period beginning on the date of its Order.[2] However, I further recommend that, in the event the new

[2]If there are any issues regarding Vigeant's treatment or medication during the interim period between the two study periods, either party may bring them to the Court's attention.

study period fails to restore Vigeant to competency, any future requests for additional time shall address the anticipated further period of time required, the basis for the opinion regarding the amount of further time, and whether treatment continued during the above-noted interim period or ceased during that time.[3]

/s/ Leo T. Sorokin
LEO T. SOROKIN
MAGISTRATE JUDGE

---

[3] The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within 14 days of receipt of this Report and Recommendation. The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).