UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                        )
UNITED STATES OF AMERICA,            )
                                                        )
v.                                                       )          Criminal No. 11-mj-6060-LTS
                                                        )
RONALD VIGEANT,                           )
            Defendant.                             )
_____)

REPORT AND RECOMMENDATION
TO TERMINATE FORCIBLE MEDICATION

January 11, 2013

SOROKIN, C.M.J.

On April 18, 2012, the Court (Casper, J.) adopted the undersigned's Report and

Recommendation ("R&R"), Doc. No. 26, and authorized the Bureau of Prisons ("BOP") to

forcibly medicate the defendant, Ronald Vigeant.  After the initial study period concluded, the

BOP informed the Court that although Vigeant's mental state had improved as a result of the

medication, he was not yet competent to stand trial.  See Doc. No. 31.  As a result, the BOP

requested, and the undersigned recommended, a further study period, based on the opinion of

Vigeant's doctors that "there [was] a substantial likelihood that with ongoing treatment his

symptoms would continue to remit to such an extent his competency to proceed may be restored

in the foreseeable future."  Id. at 9; see Doc. No. 39.  To date, the Court has not acted upon the

undersigned's November 8, 2012 R&R.

In the meantime, Vigeant has remained in BOP custody and his forcible medication has

continued.  Yesterday, the Court received a letter from BOP detailing medical problems that have

arisen for Vigeant.  According to the BOP and Vigeant's psychiatrist, these problems, which

have required various forms of treatment, have rendered it "no longer substantially likely that

[Vigeant] will be able to be restored to competency in the foreseeable future."  The Government

requested a status conference, Doc. No. 41, which the undersigned held today, Doc. No. 43.  In

light of the new information from the BOP, both the Government and Vigeant's counsel concur

that there is no basis for continuing to forcibly medicate Vigeant.  See Sell v. United States, 539

U.S. 166, 180-81 (2003) (allowing forcible medication only when "medically appropriate" and

"necessary" to "significantly further" "important" governmental interests).

The undersigned expects that, within seven (7) days of the issuance of this R&R, both the

Government and defense counsel will file notice with the Court that they do not object to the

R&R.  The undersigned further anticipates that, in its notice, the Government will inform the

Court of the status of any efforts to invoke 18 U.S.C. § 4246.

Accordingly, I respectfully recommend that the Court enter an order finding that it is no

longer likely that Vigeant will be restored to competency in the foreseeable future, and

terminating his forcible medication.[1]

  /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[1]The Parties are hereby advised that any party who objects to these proposed findings and
recommendations must file a written objection thereto within fourteen days of receipt of this
Report and Recommendation.  The written objections must identify with specificity the portion
of the proposed findings, recommendations, or report to which objection is made, and the basis
for such objections.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b).  The parties are further advised
that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to
comply with Rule 72(b) will preclude further appellate review of the District Court's order based
on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d
271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v.
Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st
Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also
Thomas v. Arn, 474 U.S. 140 (1985).