UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 11-mj-6060-LTS |
| | ) | |
| RONALD VIGEANT, | ) | |
|     Defendant. | ) | |

REPORT AND RECOMMENDATION
TO TERMINATE FORCIBLE MEDICATION

February 20, 2013

SOROKIN, C.M.J.

On February 6, 2013, the Court (Casper, J.) adopted the undersigned's Report and Recommendation ("R&R"), Doc. No. 44, and directed the termination of the defendant's forcible medication. Thereafter, the United States filed a motion requesting that the Court (1) dismiss the pending charges; (2) stay the order of dismissal pending a decision as to whether to commit the defendant civilly pursuant to 18 U.S.C. § 4246; and (3) order the defendant to undergo a dangerousness evaluation at FMC Butner for a period not to exceed 45 days, with a reasonable extension of up to 30 days upon a showing of good cause. 18 U.S.C. § 4247(b).[1] Defendant opposed requests (2) and (3).

The motion to dismiss satisfies the statutory precondition to ordering a dangerousness evaluation and possible issuance by the Director of the Bureau of Prisons of the certification to

---

[1] Initially, the undersigned partially allowed the motion insofar as it sought both dismissal and a stay, Electronic Order dated February 12, 2012. While a magistrate judge ordinarily possesses authority to dismiss a criminal complaint issued by the same, the § 4247 question requires decision by a district judge. Accordingly, due to the inter-related nature of the requests for relief in the pending motion, I VACATE the February 12, 2012 order and encompass all of the pending motion within this Report and Recommendation.

the Court.  See United States v. Hardy, 770 F.Supp.2d 410 (D.Me. 2011)(Hornby, J.)(ruling that a stayed dismissal qualifies to initiate the dangerousness evaluation under § 4246).  The allegations supporting the pending charge describe an unprovoked and inexplicable attack on a postal employee resulting in serious injuries.  In addition, the United States has requested the evaluation.

For these reasons, I recommend that the Court ALLOW the Motion of the United States (Docket #46) dismiss the pending complaint, stay dismissal pending a decision on civil commitment and order the defendant to undergo a dangerousness evaluation FMC Butner for a period not to exceed 45 days.[2]

    /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge

---

[2] The Parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).